UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| BANK OF AMERICA, N.A., | Case No. 3:16-cv-00120-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| ESPLANADE AT DAMONTE RANCH HOMEOWNERS ASSOCIATION, *et al.*, | |
| Defendants. | |

This case arises out of a homeowner's association ("HOA") foreclosure and involves a constitutional due process challenge to Nevada Revised Statute Chapter 116's notice provisions. (ECF No. 1.) Before the Court is a joint motion to stay ("Motion") filed by Plaintiff and Defendant Thunder Properties, Inc. (collectively "Movants"). (ECF No. 35.) Defendant Esplanade at Damonte Ranch Homeowners Association ("Esplanade") has opposed. (ECF No. 37.) For the reasons discussed below, the Court denies the Motion with respect to Esplanade.

The Court had *sua sponte* imposed a temporary stay because of the potential impact of the Ninth Circuit Court of Appeals' decision in *Bourne Valley Court Trust v. Wells Fargo Bank, NA,* 832 F.3d 1154 (9th Cir. 2016), *r'hng* denied (9th Cir. Nov. 4, 2016). (ECF No. 22.) In *Bourne Valley,* the Ninth Circuit found that Chapter 116's notice provisions as applied to a nonjudicial foreclosure of an HOA lien before the 2015 amendment was facially unconstitutional. *Id.* at 1157-60. The Court subsequently lifted the stay after the Ninth Circuit issued the mandate in *Bourne Valley.* (ECF No. 27.) The Court reasoned that *Bourne Valley*'s holding is binding precedent unless and until it is reversed, though such finality may not occur for months. (*Id.*) Within days, the Nevada

Supreme Court in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017), reached the opposite conclusion, finding that Nevada's superpriority lien statutes are not facially unconstitutional. The nonprevailing parties in *Bourne Valley* and *Satico Bay* are seeking review of both decisions in the United States Supreme Court. The Movants ask the Court to stay this case pending resolution of the certiorari proceedings before the Supreme Court.

Shortly after the Court lifted the stay, Esplanade moved for summary judgment, contending that the foreclosure sale at issue was only on Esplanade's super-priority lien portion and did not extinguish Bank of America's security interest. (ECF No. 28.) In opposing the Motion, Esplanade argues that the certiorari proceedings have no impact on the issue raised in its motion for summary judgment and a stay would cause it to suffer irreparable harm.

A district court has discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Pate v. Depuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)) (internal quotation marks omitted). *See also Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1067 (9th Cir. 2007).

///

These three factors weigh in favor of denial of a stay with respect to Esplanade. If, as Esplanade contends, the Court agrees that the foreclosure sale here did not extinguish Bank of America's deed of trust, then the constitutionality of Nevada Revised Statute Chapter 116's notice provisions would not affect Esplanade's motion for summary judgment. Accordingly, a stay of the entire case would be unfairly prejudicial to Esplanade and would not conserve judicial resources.

It is therefore ordered that the Motion to Stay (ECF No. 35) is granted in part and denied in part. It is denied with respect to Esplanade and is granted in all other respect. Thus, the case is stayed except for Esplanade's motion for summary judgment, which is fully briefed and will be addressed in the normal course.

DATED THIS 19th day of April 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE