UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BANK OF AMERICA, N.A., )  3:16-cv-00120-MMD-WGC
        Plaintiff, )
        vs. ) **ORDER**
ESPLANADE AT DAMONTE RANCH ) Re: ECF No. 46
HOMEOWNER'S ASSOCIATION, *et al.*, )
        Defendants. )
_____)

Before the court is Defendant Esplanade at Damonte Ranch Homeowner's Association's (Esplanade) Motion for Leave to File Amended Answer and Counterclaims (ECF No. 46), Bank of America's (BANA) opposition (ECF No. 49), and Defendant's reply (ECF No. 52).[1] After thorough consideration of the parties' memoranda, the court will grant Esplanade's motion.

## **BACKGROUND**

Plaintiff's opposition is predicated primarily upon three premises - the first is that the proposed amended answer/counterclaim is untimely under the scheduling order and Esplanade cannot demonstrate the "good cause" required under Fed. R. Civ. P. 16(b) for an amendment of a pleading sought by a party *after* the expiration of the deadline for amendments in the scheduling order. Second, BANA argues it would be prejudiced by having to undertake and/or participate in discovery. Third, BANA contends all of the proposed counterclaims would be barred by the statute of limitations and/or substantive Nevada law. (ECF No. 49.)

---

[1] Defendants Thunder Properties, Inc., and ATC Assessment Collection Group, LLC, took no position with respect to Esplanade's motion.

Esplanade in reply argues that the multiple stays imposed upon this case militate against a finding of delay and that BANA itself has either caused or at least acquiesced in delays, including the failure to complete a new scheduling order which District Judge Miranda M. Du suggested should be undertaken at the court's motion hearing on August 23, 2017. Esplanade contends the proposed assertion of its counterclaims would not be futile because the relevant statute of limitations expired, if at all, years later than that suggested by BANA. Esplanade also argues the "relation back" doctrine would make its proposed counterclaims timely regardless of which date of activity (or inactivity) triggers the statute of limitations. Insofar as any prejudice BANA may incur in having to undertake discovery is concerned, Esplanade again points to Judge Du's comments about the parties having to revise the discovery plan and scheduling order, which would necessitate the parties' participation in discovery regardless of the amendment. (ECF No. 52.)

**DISCUSSION**

This is not the "typical HOA foreclosure" case. Judge Du noted the distinctive nature of this case at the commencement of the August 23, 2017 motions hearing:

> THE COURT: All right. In 3:16-cv-120, in the Motion For Partial Summary Judgment, the HOA raises several arguments in its motion. The majority of the arguments is premised on the contention that the Trustee's deed upon sale states that Esplanade -- the HOA. [ ] -- the HOA only conveyed its right, title and interest by the nonpriority portion of its lien and, therefore, the foreclosure sale in this case did not extinguish the lender's first deed of trust.
>
> It's rather a novel position because in response, of course, Thunder Properties took the position that the foreclosure sale did extinguish the first deed of trust. The lender argues that it's wonderful if it didn't extinguish our first deed of trust, but because we have a party who contends otherwise, we oppose the motion.
>
> I think, at a minimum, Thunder Properties has presented evidence to create a material issue of fact to preclude summary judgment in favor of the HOA because, apparently, the final deed that was recorded did not have the limitation that, that the sale only extinguished -- that the sale did not extinguish the first deed of trust.
>
> The alternative arguments, to the extent they're premised on *Bourne Valley* not applying, I'm not going to address because the motion fails on that basis. I find there's a factual dispute as to whether or not the foreclosure sale here extinguished the first deed of trust; and, therefore, on that basis, I'm denying the Motion For Summary Judgment.

(ECF No. 44 at 10, 11.)

Although Judge Du denied Esplanade's motion for summary judgment (ECF No. 28), she did so on the grounds that there were questions of fact surrounding the rather novel theory asserted by Esplanade that there was only a limited conveyance by Esplanade of its deed rights (ECF No. 44 at 10-11). The various causes of action pled in the proposed counterclaim by Esplanade against BANA generally relate in one fashion or another to the subject of Defendant Esplanade's motion for summary judgment, BANA's complaint, and Thunder Properties' answer (see, e.g., ECF No. 8 at 4-5) and opposition to Esplanade's motion for summary judgment (ECF No. 29). While the proposed amended answer and counterclaim should perhaps have been asserted shortly - or soon - after Judge Du ruled from the bench (ECF No. 43, 8/23/17), there appears to have been a legitimate question whether the case was still subject to a stay (ECF No. 52-1 at 2-3). Even if the case were not stayed, it does not appear BANA itself moved expeditiously to either submit a new scheduling order - or to contact the Courtroom Administrator to schedule a discovery conference of the discovery plan. (*See*, ECF No. 44 at 12-13; ECF No. 49 at 3; ECF No. 52 at 3.) BANA stated in its opposition that it "plans to request a scheduling conference for the court's assistance." (ECF No. 49 at 2.) To date, however, none of the parties has done so.

As Esplanade characterizes the history of this case, ". . . in Esplanade's view, from the day it was served, it has been in the case without the impediment of a stay for no more than five (5) months. If the time is counted from when Esplanade filed it Answer, rather than when it was served, Esplanade has never been in this case at a time a stay was not in effect." (ECF No. 52 at 4.)

BANA's reliance on this court's recent order in *Jones v. Neven*, 3:18-cv-00033-MMD-WGC, 2018 WL 1073390 (2/27/18) is misplaced. The inmate Plaintiff in that litigation, Jones, commenced his action in 2007. After various orders and the first of two trips to the Ninth Circuit Court of Appeals, the court issued a new scheduling order on January 5, 2011 (clarified on January 25, 2011; ECF Nos. 104, 109). The revised scheduling order called for any motions to amend be filed by March 4, 2011, which Plaintiff did on that date. A subsequent attempt to further amend his action with a second amended complaint was sought in November but denied by Magistrate Judge Foley on February 12, 2012. (ECF Nos. 231, 263.)

/ / /

3

Motions for summary judgment were filed by all parties; the Defendants' was granted and Plaintiff's was denied. (ECF No. 292.) Plaintiff appealed, again, to the Ninth Circuit. After four and a half years later, the Court of Appeals entered an order affirming the entry of summary judgment in part but reversing the summary judgment as to Plaintiff's claim of deliberate indifference to a serious medical issue. (ECF No. 312.) The Order on Mandate was entered on April 24, 2017. (ECF Nos. 313, 317.)

Plaintiff's motion for change of venue to the unofficial Northern Division of the District of Nevada was granted on January 19, 2018. (ECF No. 327.) After the case was reassigned to Judges Du and Cobb, Plaintiff again sought to amend his complaint. (ECF Nos. 329, 330.) The undersigned denied Plaintiff's motion as being untimely, noting further all of the information asserted in the proposed amended complaint was available to Plaintiff as early as December 2011 and as late as April 2017. The undersigned concluded that "Plaintiff was in possession of all of the facts and exhibits he seeks to add now, but failed to present them for consideration by Judge Mahan or Judge Foley, and instead waited until the case was ultimately reassigned." 2018 WL 1073390 at *4. The court therefore concluded that in light of these facts, ". . . the court cannot find that Plaintiff was diligent in trying to modify the scheduling order so he could move for leave to amend to add facts and exhibits that he had in his possession at least as of December 2011. Therefore, the motion to modify the scheduling order and the motion for leave to amend are denied." (*Id.* at *5.)

Accordingly, the *Jones* decision is not analogous to the factual background of this matter.

To the extent, therefore, the proposed amendment is governed by Rule 16(b), and not the more liberal criteria of Rule 15(a), the court finds Esplanade has demonstrated the requisite good cause to amend its answer and file a counterclaim.

The next issue to address is BANA's "futility" argument. As discussed above, BANA argues the counterclaim should be denied because (1) the occurrences which triggered the subject matter of the proposed counterclaim occurred well before the expiration of the relevant statute of limitations, or (2) that certain of the causes of action fail to state a claim upon which relief can be granted. (ECF No. 49 at 6-10.) Plaintiff is correct that when addressing a proposed amendment - even under Rule 15 - a ". . . district court may properly deny a motion to amend as futile as barred by the statute of limitations." *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002); *see also Hinton*

4

*v. Pac. Enterprises*, 5 F.3d 391, 397 (9th Cir. 1993).

However, in both *Rodriguez* and *Hinton*, there appeared to be no dispute as to the date of the accrual of the cause of action the moving party sought to assert. As to BANA's assertion that Esplanade's causes of action arose on September 7, 2011 (ECF No. 49 at 6), Esplanade states BANA ". . . offers no explanation or analysis to support its determination of this as the appropriate date," i.e., the date of Esplanade's foreclosure sale. (ECF No. 49 at 6; ECF No. 52 at 6.) Esplanade further argues the trigger date should be its (Esplanade's) date of discovery or when it should have known of the necessary facts constituting the claim: " . . . the most reasonable date would be when Esplanade realized its belief Bank of America would [commence a foreclosure action] was incorrect." (ECF No. 52 at 6.) Esplanade argues that date did not arise until December 2013 and as such its proposed claims are timely. (*Id.* at 7.) Esplanade further argues that the "relation back" doctrine would correlate its amendment and counterclaim "back to its original answer." Accordingly, the "statute of limitations period has not run." (ECF No. 52 at 7.)

Whether a party held sufficient facts to trigger the limitations period is a question of fact (ECF No. 52 at 7, citing *Siragusa v. Brown*, 971 P.2d 801, 807 (Nev. 1998)]. Accordingly, the court would be reluctant at this stage to preclude an amendment of an answer - or assertion of a counterclaim - because of at least colorable questions of fact surrounding the statute of limitations issue. The court concludes the question of the trigger date of the statute of limitations is not undisputed as it was in *Hilton*. The better approach would be to allow the amendment and for BANA to later challenge the accrual date of the cause of action and/or the expiration of the statute of limitations in a motion for summary judgment.

With regard to the second prong of BANA's futility argument, the court cannot conclude at this time the proposed causes of action targeted by BANA necessarily fail to state a claim. The viability of those causes of action should be better addressed in a dispositive motion focusing on those issues.

Last, with regard to the prejudice issue, it would appear that in view of Judge Du's comments at the motions hearing, one way or another, BANA would have to engage in discovery. More specifically, Judge Du found that ". . . there's a factual dispute as to whether or not the foreclosure sale here extinguished the first deed of trust; and therefore, on that basis, I'm denying the motion for

summary judgment." (ECF No. 44 at 11; ECF No. 43.) Judge Du directed ". . . the parties to try and resolve the scheduling order issue and if you have disagreement, can you submit it to the magistrate judge for resolution [ ] but, otherwise, you can file a proposed scheduling order." (ECF No. 44 at 12, 13.)

While more extensive than it might have been under the original pleadings, the court does not view any additional discovery raised by the Esplanade counterclaim would be particularly burdensome to BANA.

## **CONCLUSION**

**1. Motion for Leave to File Amended Answer and Counterclaims (ECF No. 46)**

Defendant Esplanade at Damonte Ranch Homeowner's Association's (Esplanade) Motion for Leave to File Amended Answer and Counterclaims (ECF No. 46) is **GRANTED**. Esplanade's counsel shall refile as a new document the Amended Answer and Counterclaim (ECF No. 46 at 6-32) within **seven (7) days** of the date of this order. BANA shall respond in due course.

**2. Discovery Plan and Scheduling Order**

The parties shall submit a proposed revised Discovery Plan and Scheduling Order on or before **April 13, 2018**. Counsel are directed to coordinate with Courtroom Administrator Katie Ogden (phone - 775-686-5758) a discovery conference to be scheduled as soon as the court's calendar will accommodate.

**IT IS SO ORDERED.**

DATED: March 30, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE